UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00288-MOC-DSC

| | | |
|---|---|---|
| **CHESTER TAYLOR III, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BANK OF AMERICA, N.A.,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation (#15), the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28 U.S.C. § 636(b)(1)(c). Objections have been filed within the time allowed.

**FINDINGS AND CONCLUSIONS**

**I.  Background**

Plaintiffs filed their Complaint (#1-1) on May 1, 2018 in Mecklenburg County Superior Court. On June 1, 2018, defendant removed the action to the United States District Court for the Western District of North Carolina alleging both federal question and diversity of citizenship jurisdiction. On June 25, 2018, plaintiffs filed their Motion to Remand (#9) and on July 9, 2018, defendant filed its Opposition to Plaintiffs' Motion to Remand (#13). The Honorable David S. Cayer, United States Magistrate Judge, entered the Memorandum and Recommendation (#15) recommending that the Court grant plaintiffs' motion and that it remand this matter to Mecklenburg County Superior Court.

## II. Applicable Standard

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

## III. Discussion

The Court has given careful consideration to each Objection and conducted a *de novo* review as warranted. Defendant has filed an "Objection to the Magistrate Report and Recommendation on Plaintiffs' Motion to Remand." (#16). Plaintiff has filed a "Reply to Defendant's Objection to the Magistrate Report and Recommendation." (#18).

First and foremost, defendant does not object to the Magistrate Judge's findings that "[p]laintiffs' Complaint contains no federal claims" and that "[t]he federal statute referenced in the Complaint provides no private right of action" to plaintiffs. (#15, p. 5). However, defendant argues that such findings do not control the jurisdictional question based on the fact that "a federal cause of action [is] a sufficient condition for federal-question jurisdiction" but not "a necessary

one." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). Further, defendant argues that there are areas in which Plaintiffs' Complaint implicates "significant federal issues" and thus the absence of federal causes of action is irrelevant.

Even though a federal cause of action is not dispositive, it is nevertheless a relevant consideration in determining whether federal question jurisdiction exists. The Supreme Court, in Grable, held that federal courts may exercise jurisdiction over a narrow category of cases that arise under state law, but implicate significant issues of federal law, if the claims "necessarily raise a stated federal issue, actually disputed, and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state power." Grable, 545 U.S. at 314. These types of state law claims compromise "a special and small category." Empire Healthchoice Assur. Inc. v. McVeigh, 547 U.S. 677, 699 (2006); see also Gunn v. Minton, 568 U.S. 251, 256-57 (2013). In Gunn, the Supreme Court articulated a four-part test to determine whether claims fall within this "special and small category." Federal jurisdiction will exist over a state law claim that is:

> (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met. . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

Gunn, 568 U.S. at 258 (citing Grable, 545 U.S. at 313-14) (citations omitted). The Court will discuss each Gunn element in turn.

**A. Necessarily Raised**

Here, as defendant notes, plaintiffs' claims do in fact "necessarily rais[e]" a federal issue." Gunn, 568 U.S. at 258. (#14, p. 2) (plaintiffs state that they "do not dispute that issues of federal law are 'necessarily raised'"). As such, plaintiffs' claims meet the first element of the Gunn test.

### B. Actually Disputed

The Court cannot find that here is a federal issue that is "actually disputed." Gunn, 568 U.S. at 258. Defendant argues that the claims are "actually disputed" because the plaintiffs' claims cannot be adjudicated without determining what the Home Affordable Modification Program ("HAMP") requirements and the Treasure Department Guidelines are. However, this is not the case because plaintiffs' Complaint does not raise any disputes as to the meaning of a particular statutory text. See MHA LLC v. HealthFirst, Inc., 629 F. App' x 409, 414 (3d Cir. 2015) (remanding the case and finding that the parties failed to identify any dispute over the meaning of a particular statutory text and "any statutory interpretation required by [the] case is incidental to the application of [federal] law to disputed facts"). Additionally, the parties do not dispute the requirements regarding trial payments under the Treasure Department Guidelines. Rather, the issue is whether defendant failed to follow the guidelines. Indeed, there is no dispute amongst the parties as to what the HAMP requirements or the Treasury Department Guidelines actually require. As such, there is no federal issue "actually disputed." Gunn, 568 U.S. at 258.

### C. Substantial

Because the claims are not "actually disputed," this action does not fall under the narrow category of cases that arise under state law but implicate significant issues of federal law. Id. Thus, Gunn cannot be met as all four requirements must be met. However, in the interests of thoroughness, the Court will consider the last two Gunn elements.

Turning to the third element, there are no "substantial" federal issues arising from plaintiffs' claims. Id. Defendant argues the federal issues are "substantial," because some of the federal claims here are case-dispositive, such as the HAMP guidelines and the Treasury Department Guidelines. However, even assuming that the Court did need to make a determination

of what was required under the HAMP guidelines and the Treasury Department Guidelines, the Court would still need to determine whether defendant complied with those guidelines. Thus, no decision on a federal issue will resolve the case, indicating that the federal claim is not case-dispositive. Instead, HAMP guidelines serve as a backdrop for plaintiffs' claims, but there is not a resolution of a question of federal law that is case-dispositive. Melton v. Suntrust Bank, 780 F. Supp. 2d 458, 460 (E.D. Va. 2011) (explaining there is no substantial question of federal law to support jurisdiction over state law claims "merely because HAMP is an element of the dispute"); see also Mosley v. Wells Fargo Bank, N.A., 802 F. Supp. 2d 695, 699 (E.D. Va. 2011) (finding that there is no federal question jurisdiction over claims "that merely reference HAMP guidelines and procedures").

An additional consideration relevant to the "substantial" federal issue inquiry is whether Congress created a private right of action in the federal law at issue. Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813 (1986). The lack of a private right of action is "quite nearly dispositive" on the issue of federal question jurisdiction. Dean v. BAC Home Loans Servicing, LP, 2012 WL 353766, at *3 (M.D. Ala. Feb. 3, 2012) (citing Merrell Dow Pharm. Inc., 478 U.S. at 813) (stating that the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"). A "congressional determination that there should be no federal remedy for the violation of [a] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal question jurisdiction." Merrell Dow Pharm. Inc., 478 U.S. at 815. While defendant does not object to there being no private right of action included in HAMP, (#15, p. 5), this is still a relevant consideration to the "substantial" federal issue analysis. The fact that there is no private right of action under HAMP leads to the conclusion

that Congress did not intend claims based on violations of HAMP to confer federal jurisdiction. See Bottom v. Bailey, 2013 WL 431824, at *4 (W.D.N.C. Feb. 4, 2013). As such, this does not constitute a "substantial" federal issue. Gunn, 568 U.S. at 258.

**D. Capable of resolution in federal court and the federal-state balance**

The last Gunn element is whether "a federal forum may entertain the claims without disturbing any congressionally approved balance of federal and state power." Id. Defendant argues that if anything is likely to disrupt the federal-state balance here, it is the potential for remand, which would burden North Carolina's court system with plaintiffs' HAMP-related claims. According to Grable, the Merrel Dow Court "saw the missing cause of action. . . as a missing welcome mat, required in the circumstances, when exercising federal jurisdiction over a state [] action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues." Id. at 318 (discussing Merrell Dow, 478 U.S. 804). In other words, if the mention of a federal agency guidelines "without a federal cause of action could get a state claim into federal court, so could any other [case mentioning federal agency guidelines] without a federal cause of action[, a]nd that would mean a tremendous number of cases." Id. Thus, invoking federal question jurisdiction in the present action would disrupt the federal-state balance intended by Congress. Additionally, the Court sees no reason why remand would burden North Carolina's court system because of plaintiffs' HAMP-related claims.

***

As such, the four Gunn requirements are not met and federal question jurisdiction is thus improper, as plaintiffs' claims do not fall into that "special and small category." Gunn, 568 U.S. at 256-58; Empire Healthchoice Assur. Inc., 547 U.S. at 699; see also Grable, 545 U.S. at 313-14.

## IV. Conclusion

As plaintiffs' claims do not qualify for the "special and small category" of federal question jurisdiction, the Court finds that this matter may not be heard here. Id. The Court also notes that, in matters where there are doubts over whether removal is appropriate, any such doubts must be resolved in favor of remand. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (explaining that "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction. . . [and] if federal jurisdiction is doubtful, a remand is necessary") (citations omitted). As such, defendant's objections that the magistrate judge wrongly recommended remand are overruled.

After such careful review, the Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the Court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#15) is **AFFIRMED,** plaintiffs' Motion to Remand (#9) is **GRANTED,** and this action is hereby **REMANDED** to the North Carolina General Court of Justice, for Mecklenburg County, Superior Court Division, for further proceedings.

Signed: August 29, 2018

Max O. Cogburn Jr
United States District Judge